GEORGE E. ABBOTT ET AL., RELATORS, v. E. DONALD STERNER, STATE HIGHWAY COMMISSIONER, RESPONDENT.

Argued January 17, 1940—Decided February 5, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the relators, *Seufert & Elmore* and *Charles Fishberg*.

For the respondent, *David T. Wilentz, William A. O'Brien* and *William J. McCormack*.

PER CURIAM.

Motion is made to strike the return to an alternative writ of *mandamus* commanding the respondent to pay into the Court of Chancery the amount of a judgment of the Bergen County Circuit Court in a condemnation proceeding instituted by respondent herein as petitioner, or show cause why it should not be done.

Relators seek to have the *mandamus* under *R. S.* 20:1-15 which provides that the amount due may be paid into the Court of Chancery and there distributed to the interested parties. In *Seidler* v. *Ocean City et al.,* 109 *N. J. L.* 28, it was held that this procedure is at the option of the condemning party only. So, here, it would appear that relators have no standing to compel the payment of the amount of

the judgment into the Court of Chancery. It is not now necessary to decide whether relators would be entitled to a *mandamus* to compel payment, as in *Seidler* v. *Ocean City, supra.* Amendment of the writ would appear necessary if that question is raised.

Nor do we think the return should be quashed. Relators assert that they are the owners of the lands in question. The return denies this claim and asserts ownership in another and asserts that relators have no interest in the lands. Thus a dispute of fact is raised by the pleadings. Although leave to take depositions was granted, none have been taken and the disputed questions of fact remain. Relators may proceed with depositions or the better practice is to frame an issue and have the facts determined, either by court or jury. *Horowitz* v. *Civil Service Commission,* 10 *N. J. Mis. R.* 779; *Phelps* v. *Fort Lee,* 15 *Id.* 511.

The motion is denied, with costs.